## No. 715

### DALEY v. GRDINA et.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8320.   Decided June 6, 1927.

First Publication of this Opinion.

189a. BUILDING RESTRICTIONS—1. Restriction, imposing 30-foot set back line, applied to commercial buildings as well as residences.

2. Where restriction has been complied with on side of street where plaintiff's property is located, fact that four buildings located in other parts of allotment have gone slightly over building line, is not such violation as would estop plaintiff from asserting rights when view is interferred with.

Niman & Buss, Cleveland, for Daley.

Roscoe M. Ewing, Cleveland, for Grdina.

VICKERY, J.

The plaintiff brought an action in the court below to enjoin defendant from erecting a commercial building on lots 126, 127 and 128 in the Conelly Allotment in the City of Cleve-

land. Plaintiff was refused the relief she sought, and an appeal was taken to this court.

When Conelly and his wife deeded this property to the Conelly Company, they provided, in the deed, that certain restrictions be imposed, and the Conelly Company, in laying out the allotment, carried into effect these restrictions. The plat that was recorded contained the restrictions and, in each deed, they were made a part of the conveyance and it was a covenant which ran with the land and apparently was made for the benefit of every lot owner that was in the allotment subsequent to the alloting by the Conelly Company.

So far as we can learn, all the lots in the allotment provided for a building line restriction, and that, in certain parts of certain streets, was uniform throughout the allotment. There were certain other restrictions which provide that nothing but a dwelling house should be built on at least ninety-five of the 144 lots. The defendant is seeking to erect, within five feet of the street line, a commercial building, and the restrictions in this allotment provide it shall not be nearer than 30 feet from the street line. Plaintiff concedes that the defendant has the right to build a commercial building on lots 126 and 127, but they deny the right to build closer to the street than 30 feet.

We agree with the plaintiff's contention that there is a restriction and that it is uniform so far as the building line is concerned, and that the buildings heretofore built upon the street in question have uniformly kept back 30 feet from the street line. It is argued, that applies to dwelling houses only. Apparently the purpose of a building line was to keep the uniformity along the street so a person's view would not be obstructed by a building built out in front of it or nearer the street. We fail to see how a commercial building would interpose less obstruction to the view than a dwelling house, but, unfortunately for the contention, these restrictions provide that no building of any kind, or a porch from a building shall project over this building line so that any part of it shall be nearer than 30 feet from the street line. An attempt has been made to show that the restrictions have been violated. The evidence fails to show there was a violation to this effect on this street at least on the side of the street in question. We do not think, if there was a building out a few feet in another part of the allotment, for I believe there are four where they have gone slightly over the building line, that would be such a violation that the plaintiff would be estopped from asserting her rights when her view is interferred with. Plaintiff is one who brought in this allotment having a general scheme, and has a right to maintain this action, and we think that the injunction should be granted to prevent the erection nearer than 30 feet from the street line, on lots in question. This only applies to lots 126 and 127. Lot 128 was restricted for dwelling house purposes only and the defendants have no right to include, in their building project, lot 128, so the decree will be that the defendants are enjoined from erecting anything excepting a dwelling house on lot 128; and they are enjoined from erecting a building of any kind on lots 126 and 127 nearer to the street than 30 feet, and a decree may be drawn accordingly.

(Sullivan, PJ., and Levine, J., concur.)